**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN L. MILES,

Petitioner,

v.

DAVID BERGH,

Respondent,
______________________________________/

Civil No. 2:14-CV-12131
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Martin L. Miles, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree felony murder, unlawfully driving away an automobile, felony firearm, and carrying a dangerous weapon with unlawful intent. Petitioner has now filed a motion hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petition to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## I. Background

Petitioner was convicted in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Miles,* No. 90431 (Mich.Ct.App. January 28, 1988); *lv. den.* No. 82689 (Mich.Sup.Ct. October 4, 1988).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Miles,* No. 85-743-FC (Macomb County Circuit Court, April 25, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Miles,* No. 310997 (Mich.Ct.App. April 17, 2013); *lv. den.* 494 Mich. 884, 834 N.W. 2d 493 (2013).

Petitioner signed and dated his habeas petition on May 20, 2014. [1] Petitioner seeks habeas relief on grounds that he raised on his direct appeal and in his post-conviction motion.

Respondent filed a motion for summary judgment, claiming that the petition was barred by the statute of limitations contained in 28 U.S.C. § 2244(b)(3)(A). Petitioner filed a reply brief, arguing that the limitations period should be equitably tolled, based among other things, upon his actual innocence.

Petitioner has filed a motion to hold the petition in abeyance, so that he can return to the state courts to exhaust the following two claims which are not

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 20, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

currently included in his habeas petition:

> I. Whether petitioner's convictions are voidable where [the] felony murder charge [was] not supported by [an] enumerated felony.
>
> II. Whether petitioner's conviction are voidable where ineffective assistance of counsel caused petitioner to be tried for felony murder without [the] enumerated felony.

## II. Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be

served")(quoting *Nowaczyk*, 299 F. 3d at 83).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner has already filed one motion for relief from judgment. Pursuant to M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp.

2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner alleges that he is not guilty of first-degree felony murder, because the underlying felony of unlawfully driving away an automobile (U.D.A.A.) that he was charged with and convicted of is not an offense that would qualify as a predicate felony under Michigan law to support a conviction for first-degree felony murder. *See People v. Goodchild,* 68 Mich. App. 226, 232-33; 242 N.W.2d 465 (1976). Petitioner further alleges that trial counsel was ineffective for permitting him to be bound over for trial and allowing him to be convicted of first-degree felony murder on the basis of the underlying U.D.A.A. charge.

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan courts. *Banks,* 419 Fed. Appx. at 418. Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to one of the exceptions contained in M.C.R. 6.502(G)(2), a procedural bar to such a second motion is not clearly applicable, therefore, this Court should

grant petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in his second motion for relief from judgment with the state courts. *See Banks,* 149 Fed. Appx. at 419-20. Petitioner "may be able to persuade the state court that he falls within an exception" under M.C.R. 6.502(G), thus, it would not be "an abuse of discretion to hold the habeas petition in abeyance pending exhaustion of state remedies." *Parker v. Burt*, 2013 WL 1883839, * 2 (E.D. Mich. May 6, 2013).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721.

Because the petition is being held in abeyance, it is unnecessary at this time to adjudicate respondent's motion for summary judgment.

## III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state

court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 24, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 24, 2014, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant