UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN L. MILES,

    Petitioner,

v.

GEORGE STEPHENSON,

    Respondent,
_____/

Civil No. 2:14-CV-12131
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING MOTION TO LIFT THE STAY OF PROCEEDINGS AND TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, AMENDING THE CAPTION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS**

Martin L. Miles, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree felony murder, unlawfully driving away an automobile, felony firearm, and carrying a dangerous weapon with unlawful intent. This Court entered an opinion and order holding the habeas petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims. The Court also administratively closed the case. Petitioner has now filed a motion to lift the stay and to file an amended petition for

writ of habeas corpus.

For the reasons stated below, the motion to lift the stay of proceedings is **GRANTED**. The Clerk of the Court shall reactive this case to the court's active docket. The caption is amended to reflect the name of petitioner's current warden, George Stephenson. The motion to amend the habeas petition is **GRANTED**. The Clerk of the Court is ordered to serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order respondent to file a supplemental answer to the amended petition and any additional Rule 5 materials within **sixty (60)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Petitioner's claims have been exhausted with the state courts. The Court orders that the original habeas petition be reopened.

The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now George Stephenson, the warden of the Thumb Correctional Facility, where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a),

28 foll. U.S.C. § 2254.

Petitioner's motion to amend his habeas petition is granted. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999)(*citing to* Fed.R.Civ.P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). Respondent would not be prejudiced by allowing petitioner to file an amended habeas petition.

The Clerk of the Court shall serve a copy of the amended habeas petition and a copy of this Order on respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. 04-71209-DT; 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court orders respondent to file a response to the amended habeas petition within sixty days of the Court's order. [1] The Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a

---

[1] Respondent filed a response to the original petition for writ of habeas corpus on July 30, 2014 and is thus required to respond only to the claims raised by petitioner in his amended habeas petition.

response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also ordered to provide any additional Rule 5 materials that have not already been submitted at the time that it files its answer. See *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to any supplemental answer, if he so chooses. See Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

**IT IS ORDERED THAT**:

(1) the motion to lift the stay of proceedings (Dkt. # 15) is **GRANTED.** The Clerk of the Court is ordered to reopen the habeas petition to the Court's active docket**.**

(2) The caption of the case is amended to reflect that George Stephenson is the proper respondent in this case.

(3) Tthe motion to amend the petition for writ of habeas corpus (Dkt. # 15) is **GRANTED.**

(4) The Clerk of the Court shall serve a copy of the amended habeas petition (Dkt. # 16), and a copy of this Order on respondent and the Attorney General by first class mail.

(5) Respondent shall file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

(6) Petitioner has **forty five days** from the date that he receives the answer to file a reply brief.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT COURT**

**DATED:** August 29, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2016.

s/Deborah Tofil
Case Manager